**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBERT DESHAWN BOYD, # 11308-033**                                            **PLAINTIFF**

**VERSUS**                                                                       **CAUSE NO. 3:14cv159-CWR-FKB**

**LIEUTENANT PENNINGTON**                                                    **DEFENDANT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Robert Deshawn Boyd is incarcerated with the Bureau of Prisons at the Federal Correctional Institution in Yazoo City, Mississippi. He initiated this action on February 12, 2014, in the Western District of Kentucky. The case was transferred to this Court on February 27.

On March 3, 2014, the Court sent Boyd a notice of the Prison Litigation Reform Act, Acknowledgment of Receipt and Certification, and a form for voluntary dismissal. The Court ordered him to sign and file either the Acknowledgment or voluntary dismissal. By separate Order [6] the Court directed Boyd to either pay the filing and administrative fees or amend his application to proceed *in forma pauperis*, "specifically the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." (Dkt. 6 at 1). The responses were due by April 2. Having received no response, on April 30, the Court entered the Order to Show Cause [7], ordering Boyd to show cause, by May 14, why the case should not be dismissed for failure to obey an Order of the Court. When Boyd still did not comply, the Court entered the Second Order to Show Cause [8] on May 29, giving him one final chance to comply.

All Orders [5, 6 ,7, 8] were sent to Boyd's address of record, and they were not returned as undeliverable. To date he has not responded nor otherwise communicated with the Court. The Court has warned Boyd that failure to comply "will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed. . . ." (Dkt. 5 at 2). *See also*, (Dkt. 6 at 2); (Dkt. 7 at 2); (Dkt. 8 at 2). It is apparent from his failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint or appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 27th day of June, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE